UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM L. RIVARD,                          Case No. _____

    Plaintiff,                              Hon. _____

v

MENDON COMMUNITY SCHOOL DISTRICT,

    Defendant.
_____/

Ross E. Chapman (P27443)
BECK & CHAPMAN, P.C.
Attorney for Plaintiff
350 E. Michigan Ave., Suite 435
Kalamazoo, MI 49007
269-349-1400
rec@beckchapman.com

## COMPLAINT

    Plaintiff, William L. Rivard, by and through his attorneys, and complains against the Defendant as follows:

1.     Defendant Mendon Community School District forced Plaintiff, William Rivard, to resign his teaching position in lieu of Defendant not renewing his contract and terminating his employment. A primary reason for Defendant's adverse actions was discrimination due to Plaintiff's disability and/or perceived disability. Defendant penalized Plaintiff for the reasonable accommodations of medical leave absences that he required, and which were authorized by Defendant. Defendant failed to inquire of

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW
Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

1

Plaintiff and/or his medical providers whether the absences for the following school year would be likely or unlikely to continue. Defendant failed to initiate any interactive process with Plaintiff, a violation of law. Understanding its jeopardy under the law, Defendant orchestrated a plan to force Plaintiff to resign in lieu of Defendant not renewing his contract due to his disability.

## JURISDICTION AND PARTIES

2. Original federal question jurisdiction over this private suit to enforce civil rights is conferred on this court by 42 USC § 12117, 42 USC § 2000e-5(f)(3), 29 USC § 626(c)(1) and 28 USC § 1331, 28 USC § 1332. Supplemental jurisdiction over Plaintiff's claims under Michigan state disability discrimination law is conferred on this court by 28 USC § 1367(a).

3. The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars.

4. Venue is properly laid in the U.S. District Court for the Western District of Michigan pursuant to 28 USC § 1391(b) because: the unlawful employment practices occurred in this District; Plaintiff formerly worked for Defendant in this District when Plaintiff experienced Defendant's unlawful employment practices and his resultant damages; and Plaintiff would be employed by Defendant in this District in the absence of Defendant's unlawful employment practices.

5. Plaintiff is a resident of Illinois.

6. Defendant Mendon Community School District is duly organized school district established under Michigan law.

7. Defendant is located in the County of St. Joseph, State of Michigan.

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Rivard v Mendon Community School District
Case No.

8. Plaintiff filed a charge of employment discrimination due to his disability with the Equal Employment Opportunity Commission (EEOC) within three hundred (300) days of the commission of the unlawful employment practice alleged in this complaint.

9. Plaintiff was issued a Notice of Right to Sue by the Detroit Field Office of the U.S. Equal Employment Opportunity Commission, dated 9/24/20. It was received by Plaintiff on 10/5/20.

10. No more than ninety (90) days have elapsed since the Notice of Right to Sue was received by Plaintiff.

11. All administrative exhaustion requirements under the applicable statutes have been satisfied.

## STATEMENT OF FACTS

12. Plaintiff is thirty (30) years old; his birthdate is 12/3/1990.

13. Plaintiff is a teacher.

14. Plaintiff is certified in the State of Michigan to teach at the secondary school level, specifically science.

15. Plaintiff began his employment with the Defendant on 8/28/15.

16. Plaintiff was a science teacher with Defendant.

17. Plaintiff had annual written contracts with Defendant, each of which was renewed for the following school year except his annual written employment contract for the 2018 – 2019 school year that was not renewed.

18. In the first year of his employment, the 2015 - 2016 school year, Plaintiff was evaluated as "effective."

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

19. After the first year of his employment with Defendant, Plaintiff's employment contract was renewed.

20. In the second year of his employment, the 2016 - 2017 school year, Plaintiff was evaluated as "effective."

21. After the second year of his employment with Defendant, Plaintiff's employment contract was renewed.

22. In the third year of employment, school year 2017 – 2018, Plaintiff began to experience physical symptoms that adversely affected his performance, including: increasing headaches; fatigue; difficulty with concentrating, taking longer to do things; decreased motivation with everything including work; reduced energy level; wide swings in emotions.

23. These physical symptoms affected Plaintiff's capability of doing his job.

24. In the third year of his employment, school year 2017 – 2018, Plaintiff was evaluated as "minimally effective" (instead of the "effective" evaluation that Plaintiff had received in the prior two (2) years).

25. After the third year of his employment with Defendant, Plaintiff's employment contract was renewed.

26. Plaintiff has a history of a disability, to-wit childhood leukemia and consequences from radiation treatment for the leukemia including kidney cysts ruptures and surgeries required for these post-leukemia and treatment consequences.

27. Plaintiff's history of a disability includes a brain tumor.

28. Plaintiff's history of a disability includes the need for his disability to receive periodic medical attention and monitoring.

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

29. This requirement for the periodic medical attention and monitoring of Plaintiff's disability will likely continue throughout Plaintiff's life.

30. Plaintiff's brain tumor was another consequence of his radiation treatment for the leukemia.

31. Plaintiff's history of a disability as pled in the preceding paragraphs results in a physical impairment that substantially limits one or more of Plaintiff's major life activities, including sitting for long periods, standing, lifting, pervasive pain and other discomfort, medical attention and monitoring, and working.

32. In September 2018, Plaintiff was diagnosed with having a brain tumor.

33. Plaintiff's brain tumor had been growing for at least the preceding year or more prior to the diagnosis.

34. The growing brain tumor was the cause of Plaintiff's physical symptoms that he began to experience during the 2017 – 2018 school year as previously pled.

35. Plaintiff underwent surgery pertaining to his brain tumor on 9/21/18.

36. Plaintiff's disabling health condition as pled in the preceding paragraphs results in a physical impairment that substantially limits one or more of Plaintiff's major life activities, including sitting for long periods, standing, lifting, pervasive pain and other discomfort, medical attention and monitoring, and working.

37. Following Plaintiff's brain surgery, Plaintiff had thirty-three (33) radiation treatments.

38. Despite the disabling conditions as pled in the preceding paragraphs, Plaintiff was very capable of fulfilling and exceeding the requirements for his teaching position following his brain surgery and treatment.

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

39. Plaintiff was able to return to work and to fulfill all essential functions of his teaching assignment with Defendant on 1/21/19.

40. Plaintiff's return to work on 1/21/19 was essentially at the commencement of the spring semester.

41. Plaintiff was required to be absent from work and unable to fulfill his teaching assignment with Defendant essentially during the entire fall semester and for the beginning of the spring semester, 9/17/18 - 1/21/19.

42. Plaintiff inquired about whether Defendant required medical information or certification pertaining to his disabling health conditions.

43. Defendant told Plaintiff that it required no medical information or certification pertaining to Plaintiff's disabling health conditions.

44. Defendant was well aware of Plaintiff's disabling health conditions because Plaintiff informally told Defendant verbally and in writing of his condition and treatment and kept Defendant informed of his treatment.

45. After returning to work to resume his teaching duties with Defendant for the spring semester, 2018 – 2019 school year, Plaintiff was required to be absent for approximately twenty-one (21) days during the spring semester.

46. Plaintiff's work absences during the spring semester, 2018 – 2019 school year, were due to required continuing treatment and follow-up for his brain tumor and treatment for his kidney issues periodically required, and incidental normal health issues.

47. During the course of the 2018 – 2019 school year, including the spring semester when Plaintiff was able to work, until 6/5/19, Defendant did not inform Plaintiff of any

BECK & CHAPMAN, P.C.
*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

alleged deficiencies in his performance that would lead to a non-renewal of his contract and employment termination.

48. On 6/5/19, Plaintiff's principal met with Plaintiff.

49. During the meeting, Plaintiff was told verbally by his principal that Defendant would not be renewing Plaintiff's employment contract.

50. During the meeting, Plaintiff was not told of the reason or reasons why his employment contract would not be renewed, other than being told that the non-renewal was due to Plaintiff having two (2) consecutive minimally effective evaluations.

51. Prior to the meeting on 6/5/19, Plaintiff had never been informed, either verbally or in writing, that his employment contract would not be renewed.

52. At no time was Plaintiff informed, either verbally or in writing, why his contract would not be renewed, other than being told on 6/5/19 that the non-renewal was because of two (2) consecutive "minimally effective" evaluations.

53. At the meeting of 6/5/19, Plaintiff was told by his principal that he had two (2) options – he could resign; he could not resign, in which case the matter of Plaintiff's termination would be taken up by Defendant's school board.

54. Plaintiff's principal told Plaintiff during the meeting that Plaintiff would be required to resign by the end of the school day on the day of the meeting or Defendant would proceed with formal non-renewal of his contract resulting in termination.

55. Plaintiff reasonably concluded that his options were to either accept a forced resignation and resign or be terminated.

56. On the date of this meeting, the school day was ½ day.

57. The meeting with Plaintiff's principal was first thing in the morning on that day.

BECK & CHAPMAN, P.C.
*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

58. The end of the school day was at or slightly before noon.

59. The deadline for an acceptance of the forced resignation was four (4) hours or less after the forced resignation initiative was conveyed.

60. Due to his teaching responsibilities pertaining to final exams with his students during the ½ day of school on 6/5/19, Plaintiff was unable to talk to anyone about the ultimatum of the forced resignation or to otherwise reasonably consider the two (2) options that had been presented to him by his principal.

61. A resignation letter, drafted by Defendant, was presented to Plaintiff at the end of the ½ school day on 6/5/19.

62. Plaintiff signed the resignation letter that was presented to him.

63. By its actions pertaining to forcing Plaintiff to resign from his employment with Defendant, Defendant intentionally created a coercive atmosphere which undermined Plaintiff's free will.

64. By its actions pertaining to forcing Plaintiff to resign from his employment with Defendant, Defendant deprived Plaintiff of his unfettered will.

65. Plaintiff was under duress when he signed the resignation letter.

66. Plaintiff was illegally compelled or coerced to sign the resignation letter out of fear of serious injury to his person, reputation, or fortune.

67. As a consequence of his forced resignation, Plaintiff's employment contract was not renewed, and his employment with Defendant was terminated.

68. As a consequence of his forced resignation, Plaintiff's employment with Defendant was terminated effective 7/1/19.

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

69. Had Plaintiff's employment contract been renewed for the 2019 – 2020 school year, at the end of that year Plaintiff would have been eligible for tenure.

70. After 7/1/19, Plaintiff has had no adverse health consequences from his disabling medical conditions that would have even minimally interfered with his teaching responsibilities.

71. After 7/1/19, Plaintiff's disabling medical conditions have not required medical attention that would have required Plaintiff's absences from work with Defendant other than routine absences anticipated for any other employee of Defendant.

## COUNT I

## DISABILITY DISCRIMINATION, AMERICANS WITH DISABILITIES ACT

72. Plaintiff incorporates by reference all preceding paragraphs.

73. Defendant is a person within the meaning of 42 USC § 12111(5)(A), the Americans with Disability Act ("ADA").

74. Defendant meets all of the requirements for employer status under the ADA, 42 USC § 12111(5)(A).

75. Plaintiff is an individual with a disability within the meaning of 42 USC § 12102(1) of the ADA.

76. Plaintiff is an individual who did and could perform all the essential functions of his job as a science teacher, with or without a reasonable accommodation. 42 USCS § 12111(8), ADA.

77. Defendant terminated Plaintiff's employment because of his disability. 42 USC § 12112(a), ADA.

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

78. After accommodating Plaintiff's disability by allowing his medical leave absences from work due to his disabling health conditions in the fall semester, 2018 – 2019 school year, Defendant forced Plaintiff to resign from his employment because of Plaintiff's reasonable medical leave absences from work.

79. Defendant penalized Plaintiff for his leave absences from work due to his disabling health conditions in the fall semester, 2018 – 2019 school year by evaluating his performance for the school year as "minimally effective."

80. Defendant failed to engage in an interactive process with Plaintiff to determine a reasonable accommodation for Plaintiff, if any. 29 C.F.R. § 1630.2(o)(3).

81. By failing to engage in an interactive process with Plaintiff and to reasonably accommodate Plaintiff's disability, Defendant violated the law. 42 USC § 12112(a).

82. Plaintiff was regarded by Defendant as having an impairment that prevented him from fulfilling the responsibilities of his employment position.

83. Defendant's conclusion that Plaintiff had an impairment that prevented him from fulfilling the responsibilities of his employment position with or without an accommodation was false.

84. Defendant, by its actions in the preceding paragraphs, constructively terminated Plaintiff's employment in violation of law.

85. The termination of Plaintiff's employment was a consequence of Defendant's false conclusion that Plaintiff had an impairment that prevented him from fulfilling the responsibilities of his employment position with or without an accommodation.

86. The termination of Plaintiff's employment violated the law. 42 USC § 12102(1)(C); 42 USC § 12102(3).

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

87. Defendant conducted itself with discriminatory animus, malice, and with reckless indifference to Plaintiff's federally protected rights.

88. As a direct and proximate result of Defendant's discrimination on the basis of disability and/or perceived disability, Plaintiff has sustained injuries and damages including, but not limited to: loss of earnings and earning capacity; loss of fringe and retirement benefits; loss of Teacher Loan Forgiveness benefits; loss of career opportunities including the opportunity for tenure; humiliation and embarrassment; mental anguish; emotional distress; medical expenses; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of his choice.

## COUNT II

## DISABILITY DISCRIMINATION, PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PDCRA), MCL § 37.1101 *ET. SEQ.*

89. Plaintiff incorporates by reference all preceding paragraphs.

90. Plaintiff was and is a "person with a disability" as defined by law. MCL § 37.1103(h).

91. Plaintiff was and is an "employee" as defined by law. MCL § 37.1201(a).

92. Defendant was and is an "employer" of Plaintiff as defined by law. MCL § 37.1201(b).

93. Plaintiff has a disability as defined by law. MCL § 37.1103.

94. Plaintiff has a determinable physical characteristic which results from disease, injury, congenital condition of birth, or functional disorder, and the characteristic

BECK & CHAPMAN, P.C.
ATTORNEYS at LAW

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

substantially limits 1 or more of his major life activities and is unrelated to his ability to perform the duties of his job with Defendant. MCL § 37.1103(d)(i)(A); MCL § 37.1103(l)(i).

95. Plaintiff has a history of a determinable physical characteristic. MCL § 37.1103(d)(ii).

96. Plaintiff's disabling condition has affected and affects one or more major life activities.

97. Plaintiff's major life activities have been substantially limited, based upon the nature and severity of Plaintiff's disabling condition.

98. Defendant discriminated against Plaintiff with respect to the terms, conditions, or privileges of his employment because of his disability and/or his perceived disability that is unrelated to his ability to perform the duties of his job. MCL § 37.1202(b).

99. Defendant limited, segregated, or classified Plaintiff in a way which deprived him or tended to deprive him of employment opportunities or otherwise adversely affected his status as an employee because of his disability and/or his perceived disability that is unrelated to his ability to perform the duties of his job. MCL § 37.1202(c).

100. After accommodating Plaintiff's disability by allowing his medical leave absences from work due to his disabling health conditions in the fall semester, 2018 – 2019 school year, Defendant forced Plaintiff to resign from his employment because of Plaintiff's reasonable medical leave absences from work.

101. Defendant penalized Plaintiff for his leave absences from work due to his disabling health conditions in the fall semester, 2018 – 2019 school year by evaluating his performance for the school year as "minimally effective." Defendant, by its actions

BECK & CHAPMAN, P.C.
*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

in the preceding paragraphs, constructively terminated Plaintiff's employment in violation of law.

102. As a direct and proximate result of Defendant's discrimination on the basis of disability and/or perceived disability, Plaintiff has sustained injuries and damages including, but not limited to: loss of earnings and earning capacity; loss of fringe and retirement benefits; loss of Teacher Loan Forgiveness benefits; loss of career opportunities including the opportunity for tenure; humiliation and embarrassment; mental anguish; emotional distress; medical expenses; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful occupation of his choice.

## RELIEF

**WHEREFORE**, Plaintiff asks the Court to enter Judgment in Plaintiff's favor and against Defendant, as follows:

1. Order Defendant to make Plaintiff whole, by providing appropriate back pay with prejudgment interest, and front pay in lieu of reinstatement, in amounts to be determined at trial, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practices;

2. Order Defendant to pay Plaintiff liquidated, compensatory, and punitive damages in an amount to be determined at trial;

3. Order Defendant to pay Plaintiff his reasonable attorney's fees and costs and other legal expenses incurred by Plaintiff;

BECK & CHAPMAN, P.C.
*ATTORNEYS at LAW*
Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamzoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417

Rivard v Mendon Community School District
Case No.

4.  Order Defendant to pay Plaintiff an additional amount to offset the negative tax consequences of the balance of the court's award, in order to effectuate the essential purpose of the remedial goal expressed in the statutes, of making whole the victim of discrimination;

5.  Award such other legal and equitable relief as the court deems appropriate and just.

**A jury trial is demanded as to all issues triable to a jury. FRCVP 38.**

BECK & CHAPMAN, P.C.

Dated: 12/16/2020

    S/ Ross E. Chapman
Ross E. Chapman
Attorney for Plaintiff

BECK & CHAPMAN, P.C.

*ATTORNEYS at LAW*

Columbia Plaza Building
350 East Michigan Avenue
Suite 435
Kalamazoo, Michigan 49007
Tel: (269) 349-1400
Fax: (269) 349-1417